STATE, for Use of LILE, v. GLENN et al.—131 S. W. (2d), 473.

Western Section. October 22, 1938.

Petition for Certiorari denied by Supreme Court, April 1, 1939.

Rehearing denied July 1, 1939.

300

W. H. Fisher and George Poole, both of Memphis, for complainant.

F. B. Giannotti and Harry Spears, both of Memphis, for defendant Stone.

W. G. Cavett, of Memphis, for defendant Glenn.

KETCHUM, J. ▮▮ The appellees move to dismiss complainant's appeal in this case because the motion for a new trial was not filed with the clerk and master and submitted to the court within fifteen days after the rendition of the verdict, as required by rule 31 of the chancery court.

This objection to the consideration of the motion for a new trial was not interposed until after the chancellor had heard the argument and overruled the motion for a new trial. The chancellor did not invoke the rule himself, and declined to deny the complainant the right of an appeal for failure to comply with it, because the rule was not seasonably invoked.

In this we think he was right as the rule was adopted for the convenience of the chancery court, and the chancellor had the right, in his discretion, to waive the benefit of it if he saw proper to do so.

The motion to dismiss the appeal in this court is therefore denied.

### Opinion.

This is a suit against the sureties on a guardian's bond executed by James D. Lile as guardian for his infant son, Perry Lile, to recover the sum of $1,000 which came into the hands of the guardian at or about the time of his appointment, "with interests and increments thereon."

Perry Lile became of age on September 3, 1936, and filed this bill on June 23, 1937. His father, the guardian, died in October, 1932.

The records in the office of the probate court show that James D. Lile qualified as guardian for Perry Lile on October 29, 1920, and that he executed a guardian's bond in the penalty of $2,000 on that date with the defendants as sureties thereon, and that he filed his inventory on the 9th day of May, 1921, from which it appeared that there had come into his hands as such guardian the sum of $1,000, the proceeds of an insurance policy on the life of Charles Lile, an uncle of said Perry Lile. He filed no other account, made no settlement of his guardianship, and did not renew his bond as required by

the statute (Code 1932, section 8483); and there is no evidence that he invested or loaned out the money belonging to his ward.

The defense to the bill is that the said James D. Lile was a farmer of limited means with a large family, and that the entire fund which came into his hands as such guardian was consumed in the necessary support, maintenance and education of his ward. There is no claim that the other children were charged with anything for their support, maintenance and education or that Perry received any consideration that the other children did not receive; and the sole contention is that because the guardian was a man of limited means he had the right to charge Perry for his board and clothing and set these items off against the amount due him in his settlement as guardian. It is not alleged or proved that he ever made any charge against Perry for his support and maintenance, and he did not file any bill in the chancery court asking leave to encroach on the corpus of his ward's estate for his support, maintenance and education.

The proof is that he was 55 years of age when Perry Lile was born; that he owned a farm of about 160 acres near Locke, in Shelby County, about one-half of which was in cultivation, and that his farm was mortgaged; that he had a family of twelve, consisting of his wife and himself, two sisters and eight children; that he sold his farm in 1926, and moved to Memphis where his wife ran a boarding house. Perry was reared and treated just exactly as the other children were treated, went to the public school at Locke until the family moved to Memphis, and then to the Bruce School and the Bellevue Junior High School in Memphis.

The defendants demanded a jury and the case was submitted to the jury on the following issues:

"1. Was J. D. Lile, father of Perry Lile, during the time that he was guardian of Perry Lile, financially unable to support his son, Perry Lile?

"2. Did J. D. Lile, during the time he was guardian of Perry Lile, expend, in necessary and proper support, maintenance and education of Perry Lile, as much as the total of Perry Lile's funds in the possession of J. D. Lile as guardian?"

The jury answered both these issues affirmatively.

There are four assignments of error in this court, one of which is that the chancellor erred in refusing the complainant's motion that he withdraw the issues from the jury and decide the case himself in favor of the complainant, on the undisputed facts.

We think this motion should have been granted. Perry was treated exactly as the other children were treated and there was no evidence that expenditures made for his benefit were ever charged against him by his father, and the claim now made by the sureties has all the earmarks of being an afterthought. It is not the claim of the

guardian, but a claim set up by the sureties years after the death of the guardian, as a defense to the complainant's suit.

It is, of course, the duty of the parent to support and maintain his minor child, and there is nothing in this record to indicate that James D. Lile did not recognize this obligation. No distinction was made in the treatment of his children. No account was kept against Perry in which he was charged with board and clothing, and no application was made to any court for leave to encroach on the corpus of the estate for his support and maintenance, and no reason or excuse is now shown why such application was not made.

One of the sureties did offer to testify that after Mr. Lile moved to Memphis he went with Lile to see Judge Guthrie, Judge of the Probate Court, and asked to be relieved as a surety on the bond, and he says that Lile then asked Judge Guthrie if he could use the funds in his hands for the support of his ward, and that Judge Guthrie told him he could; but the chancellor properly excluded this testimony, and the defendants are not now assigning any error upon his action in this regard. This same surety offered to testify that the guardian at one time showed him a little red book which he said contained the charges made against his son, Perry, but the book was not produced, and no other witness testified to having ever seen such a book. The chancellor excluded this testimony also, and no error is assigned upon his action in excluding it. In fact, no exception was taken at the time.

It is the contention of the defendants that in view of the financial condition of the guardian, and his inability to support and maintain his large family, they are entitled to set up the reasonable cost of the support and maintenance of the ward as a defense to the complainant's suit. There are cases in which this may be done, even to the complete exhaustion of the entire estate of the award, (1) where the circumstances are such that a court of chancery would have authorized an encroachment upon the corpus in advance, and (2) where a sufficient and satisfactory excuse is given for the failure to make application in advance for leave so to encroach upon the corpus.

The English rule and that laid down in the early cases in this state, was that the unauthorized acts of a guardian in encroaching upon the corpus of a ward's estate, without the previous sanction of the chancery court, would not be ratified or confirmed by the court. Phillips v. Davis, 34 Tenn., (2 Sneed), 520, 62 Am. Dec. 472; Cohen v. Shyer, 1 Tenn. Ch., 192; Nichol v. Steger, 2 Tenn. Ch. 328; but the rigor of this rule has been softened in later cases where the expenditures were made "upon 'urgent necessity,' " or "under strong circumstances of necessity, for the benefit of the ward," or where the expenditures are "such as could not have been foreseen and provided for." Hobbs v. Harlan, 78 Tenn. (10 Lea), 268, 277, 43 Am. Rep., 309; Beeler v. Dunn, 40 Tenn. (3 Head), 87, 91, 75 Am. Dec., 761;

Roseborough v. Roseborough, 62 Tenn. (3 Baxt.), 314. In the Roseborough case the complainant filed his bill against his ward seeking to obtain reimbursement out of the corpus of his lunatic ward's estate for expenses incurred in keeping her in the Hospital for the Insane in Nashville. The master reported that the money had been advanced by the complainant and that the expenditure was necessary for the comfort and maintenance of the ward, but the chancellor denied relief upon the ground that the guardian had no power to break in on the corpus of the estate without the previous sanction of the court. The supreme court reversed this holding and ratified the expenditure, holding that a guardian, when called on to account in a court of chancery, would be allowed such necessary and proper expenditures, if clearly made out, as the court would have ordered, if applied to in the first instance.

The better rule undoubtedly is that the application to trench upon the corpus should be made in advance where this can be done; and that the courts should look with disfavor upon unauthorized expenditures out of the corpus except in cases of emergency or urgent necessity. In Mitchell v. Webb, 70 Tenn. (2 Lea), 150, 152, Justice Cooper, speaking for the court, says:

"It is well known that our decisions are not in unison on the rule of equity which should prevail where the guardian applies to have the sanction of the court of the acts already done, when no reason exists or is shown why the court was not applied to in advance. Beeler v. Dunn, 3 Head [87], 91 [75 Am. Dec. 761]; Hester v. Wilkinson, 6 Humph., 215, 219 [44 Am. Dec. 303]; Roseborough v. Roseborough, 3 Baxt., 314. My own inclination has been in favor of the earlier and more stringent rule—Cohen v. Shyer, 1 Tenn. Ch., 192—and this for the obvious reason that if the application be made in advance the interest of the minor is alone looked to, whereas, if made after the mischief is done, it is the interest of the guardian which is at stake. The issue is completely changed; and, at any rate, the subsequent approval of the act of the guardian in breaking into the corpus of the ward's estate is one of the most delicate and responsible duties which devolves upon a court of chancery."

It is in exceptional cases only that the guardian is warranted in encroaching upon the corpus of the estate without having previously obtained authority from the court to do so; as illustrations of the emergencies or "urgent necessities" which will justify such encroachments without the sanction of the court, the court in Hobbs v. Harlan, supra, mentions personal injury to the ward involving the services of a surgeon; sickness of a protracted character, requiring expensive nursing and medical bills; death of the ward requiring expenses for decent interment; marriage of a female ward, and other such social and moral emergencies necessitating instant action on the

part of the guardian, involving pecuniary obligation. And it is there said that:

"The hardship and injustice of such an inflexible rule [as that laid down in the earlier cases] has been obvious to the courts, and they have softened its rigor by a modification of the principle; holding that 'expenditures in excess of income will not be allowed unless good reason is shown to the court, why the court was not applied to for its sanction in advance': Cohen v. Shyer, 1 Tenn. Ch., [192] 194, and cases cited therein. It is obvious that this modification of the general rule may meet and avoid many of the hardships enumerated. What would be the 'good reason,' is still an open question.''

On this question the recent case of In re Woods, 158 Tenn., 383, 385, 389, 13 S. W. (2d), 800, 803, 62 A. L. R., 904, 908, the court say:

"The determination of the propriety of encroachment on the corpus of a minor's estate is regarded as one of the most delicate and responsible duties which devolves upon a court of chancery, and in the absence of a special statute no other court in this state has any jurisdiction of the subject. Mitchell v. Webb, 70 Tenn. (2 Lea), 150.

"The foregoing statements embody principles of law, settled for years, that should be familiar to every member of the profession.''

And this case is further authority for holding that the guardian must show a good reason for having trenched upon the corpus of the estate without having first obtained the authority of the court to do so. Referring to the cases of Hobbs v. Harlan, supra, and Lenow v. Arrington, 111 Tenn., 720, 69 S. W., 314, it is said:

"The two cases last cited approved a rule, suggested by Chancellor Cooper in Cohen v. Shyer, supra, that such proper expenditures would be allowed, if a good reason was shown why application was not made to the court in advance. In Hobbs v. Harlan it was said that urgent necessity would be regarded as a good excuse.''

We find no issue of fact in dispute in this case, and think the chancellor should have sustained the complainant's motion to withdraw the issues from the jury. The chancellor in overruling the complainant's motion for a new trial stated that if he had been trying the case as chancellor he would have decided it in favor of the complainant, as appears from the following recited in the bill of exceptions:

"The chancellor stated in connection with his action in overruling the motion for a new trial that if he had tried the case as chancellor he would have decided the case in favor of the complainant; further stating, however, that he had given the case careful consideration, and that he could not then say that, had he been on the jury, he would not have agreed to the jury's verdict.''

In view of our conclusion that the chancellor should have withdrawn the issues from the jury and decided the case himself we shall

proceed to render such a decree as we think the chancellor should have rendered.

The guardian is chargeable with interest on the $1000.00 which came into his hands; in view of his financial condition we will allow him credit for the interest on the fund for the support and maintenance of the ward from the time of his appointment as guardian until his death on the — day of October, 1932. State for Use of Hickey v. Freeman, 146 Tenn., 304, 306, 241 S. W., 98; Trimble v. Dodd, 2 Tenn. Ch., 500, 502; State for Use of Lakins v. Mallicoat, 18 Tenn. App., 285, 289, 75 S. W. (2d), 1031. The sureties are liable for the corpus of the $1,000, with interest thereon from October, 1932. They will not be allowed any credit for any compensation for the guardian because the latter did not invest or loan out the fund, and did not make his annual reports and settlements, and did not renew his bond as required by the statute. Hume v. Warters, 81 Tenn. (13 Lea), 554, 559; State for Use of Lakins v. Mallicoat, 18 Tenn. App., 285, 289, 75 S. W. (2d), 1031.

Let the decree of the chancellor be reversed, and let a decree be entered here in favor of the complainant for $1,000 with interest from October, 1932, in accordance with the views herein expressed. The defendants are taxed with all the costs.

Senter and Anderson, JJ., concur.